# In the United States Court of Federal Claims
(Pro Se)

|                                                                                   |   |                                              |
|-----------------------------------------------------------------------------------|---|----------------------------------------------|
| GADEMA QUOQUOI, doing business as COMPULINE INTERNATIONAL, INC.,                  | ) |                                              |
|                                                                                   | ) |                                              |
| Plaintiffs,                                                                       | ) | No. 19-661C                                  |
|                                                                                   | ) | (Filed: August 26, 2019)                     |
| v.                                                                                | ) |                                              |
|                                                                                   | ) |                                              |
| THE UNITED STATES OF AMERICA,                                                     | ) |                                              |
|                                                                                   | ) | Received - USCFC                             |
| Defendant.                                                                        | ) |                                              |
|                                                                                   | ) | AUG 26 2019                                  |

*Gadema Quoquoi,* Staten Island, NY, pro se.

*William P. Rayel*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General. *Christina M. Austin* and *Andrew Bramnick*, Department of Defense, *Nathan Guerrero*, General Service Administration, *Frank V. Dinicola*, Department of Veterans Affairs, Of Counsel.

**OPINION AND ORDER**

**KAPLAN, Judge.**

On May 1, 2019, Plaintiff Gadema Quoquoi, proceeding pro se, filed a complaint in this court on behalf of himself and Compuline International Inc. ("Compuline"), a now-dissolved company previously owned by Mr. Quoquoi. See generally Compl., Docket No. 1. He also filed a motion to proceed in forma pauperis on the same date. See generally Pl.'s Appl. To Proceed In Forma Pauperis ("Pl.'s Appl."), Docket No. 2. Mr. Quoquoi asks the Court to recommend the award of three contracts to Compuline: "(1) GSA EIS Computer Portion, (2) DoD JEDI Contract, and (3) the VA Nationwide Healthcare Network, that will enable[] the DoD and the VA to share patients['] electronic health records." Compl. at 4.[1]

On July 1, 2019, the government filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, Docket No. 7. The government argues that the Court does

---

[1] The Court has altered the capitalization of the quoted language.

not have subject-matter jurisdiction to adjudicate Mr. Quoquoi's claim, and that, even if the Court were to determine it had jurisdiction, Mr. Quoquoi has failed to state a claim upon which relief can be granted. Id. at 6–9. Additionally, the government argues that Compuline should be dismissed from the case in accordance with RCFC 41(b) because under RCFC 83.1(a)(3), a corporation may not be represented by an individual who is not an attorney. Id. at 10.

For the reasons discussed below, Mr. Quoquoi's application to proceed in forma pauperis is **GRANTED**. However, because the Court finds that it lacks subject-matter jurisdiction over Mr. Quoquoi's claims, and because he may not represent Compuline under RCFC 83.1(a)(3), the government's motion to dismiss is **GRANTED**.

## DISCUSSION

### I. Mr. Quoquoi's Application to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[2] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security therefor and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation omitted).

Here, Mr. Quoquoi states in his application that he has been unemployed since 2000 and that he has had no source of income in the past twelve months. Pl.'s Appl. at 2. Mr. Quoquoi also states that he currently resides in a homeless shelter. Id. Under these circumstances, Mr. Quoquoi has sufficiently demonstrated that he is unable to pay the court's prefiling fees. His application to proceed in forma pauperis is therefore **GRANTED**.

### II. The Government's Motion to Dismiss

#### A. <u>Failure To Comply with the RCFC as to Plaintiff Compuline</u>

The Court may dismiss a complaint sua sponte or based on a motion by the defendant when "the plaintiff fails to prosecute or to comply with the [RCFC] or a court order." RCFC 41(b). According to RCFC 83.1(a)(3), "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any other proceeding before this court." Even in cases of severe hardship, the Court cannot waive this rule. Balbach v. United States, 119 Fed. Cl. 681, 683 (2015).

---

[2] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

Mr. Quoquoi is a pro se plaintiff purporting to represent a corporation. See Compl. at 1. This is a clear violation of RCFC 83.1(a)(3). Therefore, the government's motion to dismiss Compuline from the case pursuant to RCFC 41(b) is **GRANTED**.

### B.     Mr. Quoquoi's Lack of Standing

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Although Mr. Quoquoi has not yet filed a response to the government's motion to dismiss, the Court has an independent obligation to satisfy itself of its jurisdiction and may raise subject-matter jurisdiction sua sponte at any time. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction over Mr. Quoquoi's claims and is obligated to dismiss his claims on that ground.

The Court of Federal Claims has jurisdiction to review bid protests. Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1330 (Fed. Cir. 2001). "The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]." Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)) (alterations added in Myers).[3] The "irreducible constitutional minimum of standing," requires an "injury in fact" as the first element. Lujan, 504 U.S. at 560. To satisfy this element in bid protests, a plaintiff must demonstrate "prejudice," meaning a "non-trivial competitive injury which can be redressed by judicial relief." Weeks Marine, 575 F.3d at 1360–62.[4] In order to suffer from this sort of injury, a plaintiff must meet the required qualifications for the contract it seeks. CliniComp Int'l, Inc. v. United States, 904 F.3d 1353, 1359–60 (Fed. Cir. 2018). An offeror is qualified if it demonstrates that it is sufficiently "responsible" to perform the relevant contract. Myers, 275 F.3d at 1371. "Responsibility refers to an offeror's apparent ability and capacity to perform all

---

[3] Although the Court of Federal Claims is an Article I court, the Court applies identical standing requirements to Article III courts. Weeks Marine, Inc. v. United States, 575 F.3d 1352, 1359 (Fed. Cir. 2009).

[4] Where there exists an adequate factual predicate, a disappointed bidder must show it had a substantial chance of receiving the award but for the alleged procurement error. See Weeks Marine, 575 F.3d at 1360–61.

3

contract requirements." Centech Grp., Inc. v. United States, 554 F.3d 1029, 1034 n.2 (Fed. Cir. 2009).

Plaintiff has failed to demonstrate current financial and technical ability to perform multi-billion-dollar contracts like EIS and JEDI. Plaintiff's corporation, Compuline, was dissolved in 2002 due to failure to comply with New York State tax laws. See Def.'s Mot. App. at 22 (stating that Compuline's current status is "INACTIVE – Dissolution by Proclamation / Annulment of Authority (Jun 26, 2002)" according to the New York Department of State); Def.'s Mot. at 3 (citing N.Y. Tax Law § 203-a). And Mr. Quoquoi individually cannot demonstrate financial and technical ability required for large government contracts.

Furthermore, Mr. Quoquoi has failed to demonstrate that he is an "interested party" who submitted a proposal for any government contract—a requirement for standing. See e.g., Digitalis Educ. Sols., Inc. v. United States, 664 F.3d 1380, 1384 (Fed. Cir. 2012) (holding that bid protests can only be brought by an "interested party"); Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006) (stating that "[the plaintiff] is required to establish that it (1) is an actual or prospective bidder, and (2) possesses the requisite direct economic interest" to come within the Court of Federal Claims' jurisdiction); MCI Telecomms. Corp. v. United States, 878 F.2d 362, 365 (Fed. Cir. 1989) ("[I]n order to be eligible to protest, one who has not actually submitted an offer must be expecting to submit an offer prior to the closing date of the solicitation.") (emphasis in original). Here, Mr. Quoquoi has not demonstrated that he has submitted any such proposals because submitting proposals on behalf of Compuline does not make him an actual bidder in his personal capacity. See, e.g., Computer Prods. Int'l, Inc. v. United States, 26 Cl. Ct. 518, 528 (1992) (observing that president or sole shareholder of a corporate contractor lacks standing to sue on a contract between contractor and the United States). Thus, Mr. Quoquoi has failed to demonstrate he has standing to pursue his claims in this court.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss is **GRANTED**. Mr. Quoquoi's claims are **DISMISSED without prejudice** for lack of jurisdiction pursuant to RCFC 12(b)(1). Compuline's claims are **DISMISSED with prejudice** in accordance with RCFC 41(b). The Clerk is directed enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge